# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 17-cv-1374-WJM-KMT

ANTHONY J. LUCERO,

    Plaintiff,

v.

JAMES R. KONCILJA, and
KONCILJA & KONCILJA, P.C.,

    Defendants.

---

# ORDER ADOPTING JULY 20, 2018 RECOMMENDATION OF
# UNITED STATES MAGISTRATE JUDGE

---

Plaintiff Anthony Lucero ("Plaintiff" or "Lucero"), proceeding *pro se*, brings Fourteenth Amendment claims against Defendants James R. Koncilja ("Koncilja") and Koncilja & Koncilja, P.C. (jointly, "Defendants"). (ECF No. 5.) Defendants move to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 14 ("Motion").) Plaintiff filed a Response to Defendants' Motion (ECF No. 37) ("Response") and Defendants filed a Reply in support of their Motion (ECF No. 40).

United States Magistrate Judge Kathleen M. Tafoya filed a Report and Recommendation recommending that Defendants' Motion to Dismiss be granted. (ECF No. 50 ("Recommendation").) Plaintiff filed an Objection to Judge Tafoya's Recommendation. (ECF No. 51-1 ("Objection").) Upon review, the Court adopts Judge Tafoya's recommended disposition, although for reasons somewhat different than

those relied upon by Judge Tafoya. As a consequence, Defendants' Motion to Dismiss is granted.

## I. BACKGROUND

On November 18, 2006, Plaintiff was working as a maintenance engineer at Wyndham Hotels and Resorts in Colorado Springs when he fell down an empty elevator shaft, injuring his ear, kidney, spleen, arm, wrist, and knee. (ECF No. 5 at 2–3.) Plaintiff hired James R. Koncilja and his law firm, Koncilja & Koncilja, P.C. to represent him in his workers' compensation settlement ("Settlement") and in his lawsuit against Kone, Inc., Strobel Construction Unlimited, Inc., Sedlak Electric Company, Heating and Plumbing Engineers, Inc., and John Doe Construction 1 through 5 ("Lawsuit"). (*Id.* at 3.)

Plaintiff claims that "Koncilja committed gross legal malpractice in every conceivable [res]pect and negligently violated [Plaintiff's] Fourteenth Amendment rights that would have insured a fair legal process." (*Id.*) According to Plaintiff, Defendants failed to even do the minimal amount of legal work. (*Id.*) Specifically, Plaintiff alleges that "Koncilja filed in the wrong county, did absolutely no investigation of the scene, nor of the hotel and their staff, no interviewing of culpable contractors. Koncilja failed to do any interrogatories, no depositions, no questioning or photographs of [Plaintiff's] injuries, no medical discovery, and ultimately [Plaintiff's] legal case was dismissed for [Plaintiff's] *'failure to prosecute'*—even though James Koncilja said that [Plaintiff] would make 'big money' on that civil suit against Wyndham Hotel[s]. He did nothing, and

[Plaintiff] was awarded nothing."[1]  (*Id.* (emphasis in original).)

Plaintiff then retained Attorney Paul Gordon to sue Defendants for professional negligence and breach of contract stemming from the dismissal of Plaintiff's Lawsuit ("Malpractice Lawsuit").  (ECF No. 14 at 2.)  Plaintiff's Malpractice Lawsuit was dismissed by the Pueblo County District Court on August 6, 2012 "for failing to file a certificate of review because expert testimony would be required."  (ECF No. 14-2 at 9.)  This order of dismissal was subsequently upheld by the Colorado Court of Appeals, which "conclude[d that] the district court correctly ruled that plaintiff's negligence and breach of contract claims require expert analysis of the work performed by defendants and the facts underlying plaintiff's accident-related claims."  (ECF No. 14-3 at 7.)  The Colorado Court of Appeals "perceive[d] no abuse of discretion in this ruling and in the court's conclusion that plaintiff was, thus, required to file a certificate of review as to his professional negligence claim."  (*Id.*)  The Colorado Supreme Court denied Plaintiff's petition for writ of *certiorari*.  (ECF No. 14-4 at 1.)

On October 17, 2013, Plaintiff, proceeding *pro se* filed a second malpractice lawsuit against Defendants ("*Pro se* Malpractice Lawsuit") in the Pueblo County District Court based on their actions, or lack thereof, in Plaintiff's Settlement and Lawsuit. (ECF No. 14-5 at 1.)  This time, the Pueblo County District Court found that "the issues raised in the instant case are the same issues that were or should have been raised in

---

[1] Plaintiff's Lawsuit was filed on his behalf by Koncilja at the El Paso County District Court.  It was dismissed on June 14, 2010 because the Court found "Plaintiff ha[d] not responded to the March 19, 2010 Delay Prevention Order issued by [that] court or filed any returns of service on other named defendants."  (ECF No. 14-1 at 2.)  Accordingly, that court "dismissed [the action] for failure to respond to the Delay Preveention [*sic*] Order or prosecute in a diligent fashion."  (*Id.*)

3

[the Malpractice Lawsuit]. Therefore, they may not be raised again in the instant case." (*Id.* at 2.) The Pueblo County District Court also noted that "the Court file does not show a certificate of review filed by the Plaintiff. The Plaintiff must have been aware from his prior cases that a certificate of review would be required. Therefore, the Court finds that there is no good cause shown to excuse the Plaintiff and this case must be dismissed for failure to comply with C.R.S. 13-2-602." (*Id.* at 3.)

Instead of appealing the court's dismissal of his *Pro se* Malpractice Lawsuit, Plaintiff filed a 24 page Motion for Relief from Order Granting Defendants' Motion to Dismiss on November 4, 2014. (ECF No. 14-6.) The Pueblo County District Court denied this motion because "[t]he Plaintiff's remedy from Judge Crockenberg's Order was to file a Notice of Appeal." (ECF No. 14-7.) Plaintiff appealed the denial of his Motion for Relief and the Colorado Court of Appeals affirmed the trial court's order. (ECF No. 14-8 at 14.) Plaintiff subsequently appealed to the Colorado Supreme Court, which again denied Plaintiff's petition for writ of *certiorari*. (ECF No. 14-9.)

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and is specific

4

enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note; *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *See id.*

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule

12(b)(1) motion, however, the court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

In reviewing a Motion to Dismiss under Rule 12(b)(6) the Court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007). Thus the Court "must accept all allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("*Twombly*")).

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570). This means that "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief. 'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Robbins*, 519 F.3d at 1247 (quoting *Twombly,* 550 U.S. at 545 &

556). Plaintiff "does not need detailed factual allegations" but must plead more than merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*

### III. ANALYSIS

In his Amended Complaint, Plaintiff raises three claims for relief. First, Plaintiff argues that Defendants violated his Fourteenth Amendment Due Process rights by "not investigating any aspect of [Plaintiff's] life-threatening injuries at the Wyndham Hotel & Resort." (ECF No. 5 at 4.) Second, Plaintiff argues that by "filing one day before the deadline and filing [Plaintiff's] civil case against the wrong parties, Defendants precluded [Plaintiff] or any conscientious attorney from filing a case." (*Id.* at 5.) Plaintiff further alleges that he "has submitted substantial evidence that Defendants [] actually *protected* the real culprits from ever[] being sued for damages that harmed [him]." (*Id.* (Emphasis in original).) Finally, Plaintiff's third claim for relief is that his "Fourteenth Amendment rights were severely violated in Colorado state courts against [Defendants]. It apparently does not matter what laws or professional conduct rules the Defendants violate, the Courts still rule in their favor." (*Id.*)

Plaintiff requests "the Federal District Court to recognize the extreme judicial bias against [Plaintiff], and in favor of [Defendants] that persists throughout the Colorado judicial system." (*Id.* at 7.) Additionally, Plaintiff requests financial relief based on the amount Defendants thought Plaintiff could win in his Lawsuit, the amount Defendants believed Plaintiff would have been awarded in his Settlement, and jury verdicts that have actually been awarded for similar injuries. (*Id.*)

7

In their Motion to Dismiss, Defendants argue that Plaintiff's Fourteenth Amendment claims "are essentially the same as the claims made in [Plaintiff's Malpractice Lawsuit] and [Plaintiff's *Pro se* Malpractice Lawsuit]." (ECF No. 14 at 4.) Defendants raise three main arguments in favor of dismissing Plaintiff's claims pursuant to Rule 12(b)(1).

First, they argue that the state courts' dismissal of Plaintiff's Malpractice Lawsuit and Plaintiff's *Pro se* Malpractice Lawsuit divests this Court of jurisdiction. (*Id.* at 5.) Defendants argue claim preclusion applies here because Plaintiff's prior lawsuits were final judgments and were resolved on the merits by the state court (*id.*), Plaintiff's prior lawsuits were based upon claims for relief identical to the present action (*id.* at 7), and the parties to all three lawsuits are identical (*id.* at 10).

Second, Defendants argue that all of Plaintiff's claims are time barred because the statute of limitations bars legal malpractice actions alleging negligence brought more than two years after the action accrues. (*Id.*)

Third, Defendants argue that even if the Court were to reach the merits of Plaintiff's Fourteenth Amendment claims, Plaintiff's claims fail because his Fourteenth Amendment due process claims fail to allege state action. (*Id.* at 12.)

Plaintiff responded to each of these arguments in his Response. (ECF No. 37.) First, Plaintiff contends that claim preclusion does not apply here because these Fourteenth Amendment claims were not brought forward or argued at the state court and there was no trial, no resolution on the merits, and no final judgment. (ECF No. 37 at 6.) Plaintiff argues that the state court dismissals were without prejudice and were

8

not based on the merits of his arguments and are therefore not entitled to preclusive effect. (*Id.*)

Second, Plaintiff maintains that his claims are not time barred because his initial filings were within the statute of limitations, it takes several years to go through the state court's appeals procedures, and there was only a short lapse between his filings. (*Id.* at 7.)

Third, in response to Defendants' state actors argument, Plaintiff argues that Defendants, although private parties, were acting as state actors for purposes of 42 U.S.C. § 1983. (*Id.*) Plaintiff's argument relies on a Fifth Circuit opinion which held that a private party can be deemed a state actor if he or she is a joint participant with a state official in the offending enterprise. *Ballard v. Wall*, 413 F.3d 510, 519 (5th Cir. 2005). The Fifth Circuit held that to establish that the attorneys were joint participants in the judge's alleged offending enterprise, the plaintiff is required to demonstrate that the attorneys and judge knowingly participated in the alleged conspiracy. *Id.* Plaintiff argues that "the now retired Judge Crockenberg, an employee of the State of Colorado, did not even try to hide his rulings on whatever [Defendants] wanted. Defendants and the court were one and the same. They were a 'team.' You could even say that Defendants were actually *their own judge*. Whatever Defendant[s] [] put to the court, the Defendants received the ruling they wanted." (ECF No. 37 at 8 (emphasis in original).)

Judge Tafoya's Recommendation focuses on the state action argument. First, she found that in his Amended Complaint, Plaintiff fails to allege any facts that show

9

that the defendants are state actors. (ECF No. 50 at 5.) She acknowledges that Plaintiff attempted to correct this deficiency in his Response to Defendants' Motion to Dismiss "by implying that the defendants colluded with the state court judge who presided over Plaintiff's legal malpractice case in order to receive the ruling they wanted." (*Id.* (internal quotation marks omitted.)) First, Judge Tafoya stated that Plaintiff may not effectively amend his complaint by alleging new facts in his response to a motion to dismiss. She explained that even if Plaintiff had properly raised this argument, "relief under § 1983 cannot be premised solely on an argument that private actors misused available state procedures or rules, particularly in the absence of overt and significant assistance from state officials." (*Id.*) Her Recommendation further stated, "because the court recommends dismissal of Plaintiff's federal claims, the court also recommends that the district court decline to exercise jurisdiction over Plaintiff's state law claims." (*Id.* at 7.)

Plaintiff raises two main objections to Judge Tafoya's Recommendation.[2] First, Plaintiff argues that his § 1983 collusion claim was not an attempt to effectively amend his Amended Complaint. (ECF No. 51-1 at 5.) He acknowledges that he did not use the term "state actor" in his Amended Complaint, but explains that was because "there is not any reference to that term within his Federal Rules Handbook." (*Id.* (emphasis omitted).) Additionally, he claims, "Lucero, having found the name [s]tate [a]ctor has subsequently and consistently described all the attributions to [Defendants] to being the

---

[2] Plaintiff raises several issues in his Objection (ECF No. 51-1). However, for purposes of this Order, the Court will focus exclusively on the arguments that relate to the Magistrate Judge's Report and Recommendation (ECF No. 50).

manifestations of State Actor throughout his documents." (*Id.* (emphasis omitted).)

Second, Plaintiff argues that his § 1983 claims are not conclusory allegations. (ECF No. 51-1 at 3.) Specifically, he claims that he "has upwards of 48 exhibits that will show during discovery and that irrefutably prove every assertion of [Defendants'] violations of Lucero's 5th and 14th Amendments, U.S. Constitutional & Bill of Rights guarantees to due process of law." (*Id.*) According to Plaintiff, the Court "cannot determine some of the factual truths of [Defendants'] violations of Lucero's constitutional rights without discover [*sic*]." (*Id.* at 4.)

Given Plaintiff's *pro se* status, the Court will consider Plaintiff's § 1983 collusion claim, even though Plaintiff should have specifically presented his Fourteenth Amendment claims as a §1983 collusion claim in his Amended Complaint. The Court concludes that amending the Complaint would be futile, because even if this § 1983 theory was included in the Amended Complaint, the allegations in Plaintiff's response brief still fail to state a claim upon which relief can be granted. The Court expresses no opinion on Judge Tafoya's reasoning which relies on the Tenth Circuit rule that relief under § 1983 cannot be premised solely on an argument that private actors misused available state procedures or rules.

The Tenth Circuit articulated the test to determine whether a private individual has actively conspired with an immune state official in *Norton v. Liddel*, 620 F.2d 1375, 1380 (10th Cir. 1980).[3]

---

[3] "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349 (1978). Here, none of Plaintiff's allegations indicate that any of the judges acted outside the

11

> It is our view that the critical inquiry in making this determination is: Has the plaintiff demonstrated the existence of a significant nexus or entanglement between the absolutely immune State official and the private party in relation to the steps taken by each to fulfill the objects of their conspiracy? The resolution of such issues must, of necessity, be made on a case-to-case basis.

Here, Plaintiff's only allegation supporting his conspiracy theory is that the state court judges ruled in Defendants' favor, granting their motions for extensions and permitting late filings. (ECF No. 37 at 8–9.) "Nothing in the Amended Complaint [or Plaintiff's Response or Objection] indicates that the court or the attorneys were acting outside the confines of the neutral function of a judicial forum." *Shaffer v. Cook*, 634 F.2d 1259, 1260 (10th Cir. 1980). Plaintiff's briefs fail to allege the kind of conspiratorial nexus between the state court and Defendants contemplated in *Norton* that would support a cognizable § 1983 claim.

While Plaintiff insists that he has evidence to support his collusion claim, the Court is not convinced. As the First Circuit articulated, "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976). The same is true for a plaintiff that asserts the existence of "irrefutabl[e]" evidence (ECF No, 51-1 at 3) but does not actually disclose it. Accordingly, the Court adopts Judge Tafoya's Recommendation as modified herein and grants Defendants' Motion to Dismiss with respect to Plaintiff's Fourth Amendment claims.

---

scope of the jurisdiction of their court. Thus, if they were parties to this lawsuit, they would have absolute immunity for their judicial acts. Therefore, the Court considers Plaintiff's § 1983 collusion claim as a collusion claim between private parties and parties entitled to absolute immunity.

Neither party objected to Judge Tafoya's recommendation that the Court decline to exercise jurisdiction over Plaintiff's state law claims. As to that issue, the Court concludes that Judge Tafoya's analysis was thorough and sound, and that there is no clear error on the face of the record. Accordingly the Court adopts Judge Tafoya's Recommendation with respect to Plaintiff's state law claims and declines to exercise jurisdiction over these claims. See 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Magistrate Judge's July 20, 2018 Recommendation (ECF NO. 50) is ADOPTED as modified herein;

2. Plaintiff's Objection (ECF NO. 51-1) is OVERRULED;

3. Defendants' Motion to Dismiss (ECF No. 14) is GRANTED;

4. Plaintiff's Amended Complaint (ECF No. 5) is DISMISSED WITH PREJUDICE as to his § 1983 cause of action and otherwise DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;

5. Plaintiff's Motion to Recover Service Expenses (ECF No. 12) is DENIED AS MOOT;

6. Plaintiff's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) is DENIED AS MOOT; and

7. The Clerk shall enter judgment accordingly and shall terminate this case. The parties shall bear their own attorney's fees and costs.

Dated this 6th day of September, 2018.

BY THE COURT:

_____
William J. Martínez
United States District Judge